UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JAMES JACKSON,                                        Case No. 15-CV-3151 (PJS/TNL)

Plaintiff,

v.
                                                     ORDER

LT. AMIE SANTINI, Federal Bureau of
Prisons, FCI Sandstone, Sandstone, MN, in
her individual capacity; LT. DANIEL
GRAVDAHL, S.I.S., Federal Bureau of
Prisons, FCI Sandstone, Sandstone, MN, in
his individual capacity; JAKE BUSH,
Paralegal, Federal Bureau of Prisons, FCI
Sandstone, Sandstone, MN, in his
individual capacity; and DENESE
WILSON, Warden, Federal Bureau of
Prisons, FCI Sandstone, Sandstone, MN, in
her individual capacity; jointly and
severally,

Defendants.

---

James Jackson, pro se.

D. Gerald Wilhelm, UNITED STATES ATTORNEY'S OFFICE, for defendants.

This is a *Bivens* action[1] brought by inmate James Jackson against several employees

of the Federal Correctional Institution ("FCI") in Sandstone, Minnesota.  Jackson alleges that

---

[1]That is, an action to recover damages from federal officials who allegedly violated
the constitutional rights of the plaintiff while acting under color of federal authority.  *Bivens
v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

$175 worth of personal property was wrongfully taken from his cubicle during a "shakedown" in August 2014.  Jackson further alleges that, after he instituted administrative proceedings to recover his property, prison officials told him that they would return his property, but only if he would waive his right to pursue any administrative or tort claims against them.  According to Jackson, prison officials warned him that, if he did not sign a waiver, he would be sanctioned in connection with pornography that was found in his cubicle.  Jackson contends that defendants' actions deprived him of due process and interfered with his right of access to the courts.

This matter is before the Court on Jackson's motion for a temporary restraining order or preliminary injunction.  ECF No. 49.  Jackson seeks to enjoin the Bureau of Prisons ("BOP") from transferring him to another prison during the pendency of his *Bivens* action. Jackson claims that transferring him to another prison will irreparably harm him by "remov[ing] his BIVENS action from this Court's territorial jurisdiction," "imped[ing] the speed with which [his case] can proceed," risking the loss of his legal documents during the transfer, and forcing him to find another inmate to help him litigate this case after the transfer.  *Id.* at 4-5.

A court must consider four factors in deciding whether to grant a temporary restraining order or preliminary injunction: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant if the injunction is not granted;

(3) the balance between that harm and the injury that granting the injunction will inflict on the other parties; and (4) the public interest.  *See Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc).  Temporary restraining orders and preliminary injunctions are extraordinary remedies, and the party seeking such relief bears the burden of establishing his entitlement to the relief under the *Dataphase* factors.  *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).  Jackson has failed to meet his burden in this case.

First, the Court cannot find that Jackson is likely to succeed in recovering on his *Bivens* claim.  On November 10, 2016, Magistrate Judge Tony N. Leung filed a Report and Recommendation ("R&R") in which he recommended that this lawsuit be dismissed.  ECF No. 48.  Jackson's objection to the R&R was filed on January 9, 2017.  ECF No. 54.  The Court has not been able to carefully analyze Jackson's 24 pages of objections to the 20-page R&R, but the fact that Judge Leung has recommended that this action be dismissed does not bode well for Jackson.

Second and most importantly, Jackson has failed to identify any irreparable harm that he will suffer if he is transferred.  Jackson's transfer to another prison will not have any material impact on this *Bivens* action.  The transfer will not, as Jackson claims, remove the case from this Court's jurisdiction.  *See* 28 U.S.C. § 1331 (giving federal courts subject matter jurisdiction over civil actions "arising under" the laws or Constitution of the United States);

*Milliken v. Meyer*, 311 U.S. 457, 462 (1940) (recognizing that courts may exercise personal jurisdiction over defendants that are domiciled in the state).  Nor will Jackson's transfer render the District of Minnesota an improper venue for the case.  *See Barber v. Simpson*, 94 F.3d 648 (8th Cir. 1996) (unpublished table decision) (stating that a *Bivens* action may be brought in any judicial district where "a substantial part of the events or omissions giving rise to the claim occurred" (quoting 28 U.S.C. § 1391(b)(2)).  Finally, Jackson's assertions that, if he is transferred, the BOP might lose his papers and he might have to find a new jailhouse lawyer to assist him fall far short of establishing the type of irreparable harm that would justify injunctive relief.  *See Sampson v. Murray*, 415 U.S. 61, 90 (1974).

Third, granting the injunction will cause harm to defendants by interfering with their ability to administer their facility.  As Jackson acknowledges, the Eighth Circuit has warned that "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'"  *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).  This case exemplifies why "judicial restraint" is needed in this context.  According to the "Request for Transfer" submitted by Jackson's warden, FCI-Sandstone is seeking to have Jackson transferred to a facility that has a Sex Offender Management Program ("SOMP") because Jackson was

convicted of distributing child pornography, because "Jackson continues to engage in

behavior that demonstrates continued interest in sexually deviant material," and because

Jackson "appears unable or unwilling to participate in age appropriate fantasy."  ECF

No. 56 at 2.  For these reasons, "[p]sychological services" at FCI-Sandstone "concluded

Jackson continues to engage in risk relevant behavior and recommends a transfer to a[n]

SOMP."  *Id.*  Granting the injunctive relief sought by Jackson would thus interfere with the

informed judgment of prison officials "as to what would . . . best serve institutional security

or the safety and welfare of the inmate."  *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

Finally, the Court cannot identify any way in which the public interest would be

served by enjoining defendants from transferring Jackson.

For these reasons, Jackson's motion for a temporary restraining order or preliminary

injunction is denied.

ORDER

Based on the foregoing, and all the files, records, and proceedings herein, IT IS

HEREBY ORDERED THAT plaintiff James Jackson's motion for preliminary injunction and

temporary restraining order [ECF No. 49] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 17, 2017                    s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge