UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JAMES JACKSON, | Case No. 15-CV-3151 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| LT. AMIE SANTINI, Federal Bureau of Prisons, FCI Sandstone, Sandstone, MN, in her individual capacity; LT. DANIEL GRAVDAHL, S.I.S., Federal Bureau of Prisons, FCI Sandstone, Sandstone, MN, in his individual capacity; JAKE BUSH, Paralegal, Federal Bureau of Prisons, FCI Sandstone, Sandstone, MN, in his individual capacity; and DENESE WILSON, Warden, Federal Bureau of Prisons, FCI Sandstone, Sandstone, MN, in her individual capacity; jointly and severally, | |
| Defendants. | |

---

James Jackson, pro se.

Friedrich A.P. Siekert, UNITED STATES ATTORNEY'S OFFICE, for defendants.

Plaintiff James Jackson was formerly incarcerated at the federal correctional institution in Sandstone, Minnesota ("FCI-Sandstone"). On August 13, 2014, Jackson's cell was searched as part of a unit-wide "shakedown," and prison officials confiscated a large collection of swimsuit and lingerie photos. Jackson complained about the

confiscation and filed a tort claim against the Bureau of Prisons ("BOP") and two of its employees: defendants Amie Santini and Daniel Gravdahl.

Santini and Gravdahl met with Jackson on June 8, 2015. According to Jackson, Santini and Gravdahl offered to return part of his photo collection if he would withdraw his tort claim. Jackson also alleges that Santini and Gravdahl threatened that, if he did not withdraw his tort claim, they would cite him for possession of pornography. Jackson agreed to withdraw his claim and signed a waiver that was allegedly prepared by defendant Jake Bush, a paralegal employed by the BOP.

In this *Bivens* action,[1] Jackson contends that Santini, Gravdahl, and Bush coerced him to withdraw his tort claim and thereby deprived him of his constitutional rights to "due process, equal protection and access to courts." ECF No. 1 at 5. In addition, Jackson seeks to hold liable defendant Denese Wilson, the warden of FCI-Sandstone, because she "create[d] an environment, policy or custom under which these unconstitutional practices occurred" and because she "was grossly negligent by not preventing . . . [the constitutional violations] through proper training and/or education." *Id.*

---

[1] A *Bivens* action is an action to recover damages from federal officials who allegedly violated the constitutional rights of the plaintiff while acting under color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Defendants moved to dismiss Jackson's complaint or, in the alternative, for summary judgment. ECF No. 30. In a Report and Recommendation dated November 10, 2016, Magistrate Judge Tony N. Leung treated defendants' motion as one for summary judgment (because both parties relied on materials outside of the complaint) and recommended that the motion be granted. ECF No. 48 at 5-6, 20. Judge Leung also recommended that Jackson's motion to strike an allegation in defendants' brief be denied. *Id.* at 20. Jackson filed a lengthy objection to the R&R after seeking—and being granted—two extensions of the deadline for filing objections.[2]

The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Based on that review, the Court overrules Jackson's objection and adopts Judge Leung's R&R, except as follows: Judge Leung recommended that Jackson's claim against Wilson should be dismissed without prejudice because it is inadequately pleaded under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); that Jackson's access-to-courts claim should be dismissed with prejudice and on the merits; and that the remainder of Jackson's claims should be dismissed without prejudice for failure to exhaust administrative remedies. The Court does not disagree with Judge Leung's analysis, but the Court finds that *all* of Jackson's claims must be dismissed without prejudice because

---

[2]Jackson was informed in January 2017 that he would be transferred to another prison. In response, he filed a motion to stay these proceedings until he "arrived at [his] new place of incarceration." ECF No. 61. Jackson's transfer has now been completed, and thus his motion is denied as moot.

he did not exhaust his administrative remedies with respect to those claims. *See Benjamin v. Ward Cty.*, 632 F. App'x 301, 301-02 (8th Cir. 2016) (requiring courts to determine whether an inmate has exhausted his administrative remedies before addressing the merits of the inmate's claims).

The Prisoner Litigation Reform Act (PLRA) requires prisoners to exhaust their administrative remedies before bringing an action to challenge the conditions of their confinement. *See* 42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory; courts do not have discretion to "excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016).

To determine whether a prisoner has exhausted his administrative remedies, a court must look to "the prison's requirements, and not the PLRA." *Jones v. Bock*, 549 U.S. 199, 218 (2007). The BOP has adopted a "four-part process for resolving an inmate's grievance." *DeBrew v. Atwood*, 792 F.3d 118, 126 (D.C. Cir. 2015). An inmate must first try to resolve his grievance informally by submitting a BP-8 to the prison staff. If that does not resolve the inmate's concern, the inmate must file a BP-9 with the prison warden. If the warden does not provide satisfactory relief, the prisoner must file a BP-10 with the regional director and then, if that is unsuccessful, a BP-11 with the BOP's General Counsel. *See id.* (citing 28 C.F.R. §§ 542.13-.15). An inmate has not fully exhausted his administrative remedies until he files a BP-11 with the BOP's General

Counsel. *See* 28 C.F.R. § 542.15(a) (describing the appeal to the BOP's General Counsel as the "final administrative appeal").

It is important to note that, in this lawsuit, Jackson is not challenging the confiscation of his photo collection on August 13, 2014—an incident that Jackson alleges caused him about $175 in damages. ECF No. 1 at 2. Rather, Jackson is challenging the actions taken by defendants on June 8, 2015—specifically, the alleged coercion of Jackson to withdraw his tort claim and the resulting deprivation of Jackson's right to access to the courts, to due process, and to equal protection. Jackson himself emphasized this distinction in his objection to the R&R:

> [T]he sum and substance of Plaintiff's case is not based on the BOP's refusal to reimburse him the value of the confiscated property. Rather, the entire weight of Plaintiff's case rests four-square on the actions of the Defendants when Plaintiff attempted . . . to resolve the matter using the process mandated by the Federal Bureau of Prisons's Administrative Remedy Procedure . . . .

ECF No. 54 at 9. Jackson seeks $5 million "for damages suffered as a result of defendants['] actions." ECF No. 1 at 5.

In his objection, Jackson discusses his administrative challenge to the confiscation of his property. He alleges, for example, that he filed a BP-8 and a BP-9, and he explains why he did not fully exhaust his remedies by filing a BP-10 or BP-11. ECF No. 54 at 18-19.

All of this is beside the point, however.  Jackson's complaint challenges only the actions taken by defendants in June 2015 (the coercion), not the actions taken by defendants in August 2014 (the confiscation).  And, with respect to the allegedly unlawful conduct that *is* challenged, Jackson did not file a BP-8 or a BP-9, or make any other attempt to seek administrative relief.  In other words, Jackson did not initiate—much less exhaust—the administrative process with respect to the claims that he asserts in this lawsuit.[3]

Jackson nowhere argues that he could not have pursued administrative relief with respect to defendants' alleged violation of his rights to access to the courts, due process, and equal protection.  Jackson does not, for example, claim that the prison refused to give him the necessary forms, or that prison employees threatened to harm him if he filed a grievance.  On the contrary, Jackson admits that there was "nothing about the situation in which [he] found himself with the Defendants which would represent a threat to his 'safety or well-being,' and there was no threat of 'danger' at anytime [*sic*]."  *Id.* at 19 (citations omitted).

Jackson does argue that it would have been futile for him to file a grievance because of "Defendants' past history with regard to compliance with the process."  *Id.*

---

[3] Jackson's briefing appears to assert a retaliation claim against Santini, Gravdahl, and Bush.  *See, e.g.*, ECF No. 42 at 11, 14, 21.  But Jackson never sought administrative relief with respect to any type of retaliation claim.

He notes that "in the end, the issue would be presented to Defendant Wilson who already had shown her lack of respect for the administrative remedy process." *Id.* And he suggests that the BOP would not have treated his grievance seriously because the BOP's first loyalty is to its employees. *Id.* at 20. In other words, Jackson argues that, had he sought administrative relief, he probably would not have succeeded. The Eighth Circuit has made clear, however, that an inmate's "subjective belief[], logical, or otherwise" that "there [is] no point in his pursuing administrative remedies" does not excuse his failure to exhaust those remedies. *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

In short, the PLRA requires prisoners to exhaust all available administrative remedies before challenging the conditions of their confinement. Jackson could have filed a grievance after defendants allegedly violated his constitutional rights by coercing him into withdrawing his tort claim. Jackson chose not to do so, and thus his lawsuit must be dismissed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 54] and ADOPTS the R&R [ECF No. 48] insofar as it is consistent with this order. IT IS HEREBY ORDERED THAT:

1. Defendants' motion for summary judgment [ECF No. 30] is GRANTED. Plaintiff's complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.

2. Plaintiff's motion to strike [ECF No. 37] is DENIED.

3. Plaintiff's motion to stay [ECF No. 61] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 14, 2017　　　　　　　　s/Patrick J. Schiltz
　　　　　　　　　　　　　　　　　　　Patrick J. Schiltz
　　　　　　　　　　　　　　　　　　　United States District Judge